IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 04-CV-1497-WYD-MJW

RODRIGO JIMINEZ ARTEAGA,

      Plaintiff,

v.

BOB KURTZ, Warden, and DR. GILBERT,

      Defendants.
_____

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**
_____

      This matter is before the Court on the Defendant Robert Kurtz' Motion to Dismiss Plaintiff's Prisoner Complaint, filed October 18, 2004. This dispositive motion was referred to Magistrate Judge Watanabe for a recommendation by Order of Reference dated October 8, 2004. A Recommendation Regarding Defendant Robert Kurtz's Motion to Dismiss Plaintiff's Prisoner Complaint was filed on May 11, 2005, which is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LCivR. 72.1.

      By way of background, I note that Plaintiff's claims arose from Plaintiff's dental troubles while he was incarcerated at Huerfano County Correctional Center ("HCCC"). (Pl.'s Compl. at 3.) In his *Pro Se* Prisoner Complaint, Plaintiff alleged that he requested an appointment with a dentist to have a cavity filled, and after six months, saw a dentist. (*Id.*) Plaintiff alleges that he requested that a cavity be filled or a root canal be done, but that the dentist, Defendant Dr. Gilbert, suggested that the tooth be extracted, which

Plaintiff refused.  (*Id.*)  Plaintiff also alleges that he was prescribed antibiotics and painkillers for his tooth pain, and that these medications caused various side effects. (*Id.*)  He filed grievances on this matter at HCCC, and he was later transferred to the Buena Vista Correctional Facility, where he requested a root canal, which was performed.  (*Id.*)  Based on these incidents, Plaintiff's Complaint asserts claims under the Eighth Amendment, seeks better supervision of the medical and dental departments by Defendant Kurtz, and requests $200,000 in pain and suffering.  (*Id.* at 4, 8.)

Magistrate Judge Watanabe recommends that the Motion to Dismiss be granted as to Plaintiff's claims against Defendant Kurtz.  (Recommendation at 8.)  He first states that Plaintiff's request for injunctive relief is moot, because Plaintiff is no longer incarcerated at HCCC, where Defendant Kurtz is the Warden.  (*Id.* at 4.)  He also recommends that Plaintiff's § 1983 claim under the Eighth Amendment against Kurtz, which arose from Kurtz's alleged failure to provide Plaintiff with appropriate dental care be dismissed because Plaintiff "failed to show any medical deprivation, or that Defendant Kurtz personally participated in any alleged constitutional violation against Plaintiff."  (*Id.* at 8.)

Magistrate Judge Watanabe advised the parties that they had ten (10) days to serve and file written, specific objections to the Recommendation.  (*Id*. at 8.)  On May 26, 2005, Plaintiff filed a Specific Objection Motion.  These objections necessitate a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive.  FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).

Plaintiff first objects to the Magistrate Judge's finding that Plaintiff's claim for injunctive relief is moot.  (Pl.'s Objection at 1.)  Magistrate Judge Watanabe found that "[s]ince he is no longer a prisoner at HCCC and no longer has any contact with Defendant Kurtz . . . the entry of declaratory or injunctive relief in Plaintiff's favor would have no effect on the Defendant's behavior toward him.  As such, Plaintiff's claim for injunctive relief is moot."  (Recommendation at 4 (citing *White v. State*, 82 F.3d 364, 366 (10th Cir. 1996); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir.1985); *McKinnon v. Talladega County*, 745 F.2d 1360, 1363 (11th Cir. 1984); *Inmates v. Owens*, 561 F.2d 560, 562 (4th Cir. 1977).)  Plaintiff objects, stating that the point "will not be moot until the plaintiff has been heard in court or trial with jury."  (Pl.'s Objection at 1, ¶ 1a.)  Plaintiff further alleges that Defendant Kurtz knew of Plaintiff's dental needs but neglected to address the issue.  *(Id.* at 1, ¶ 7.)  Having considered both the Recommendation and Plaintiff's objections, I find that Plaintiff's request for injunctive relief is, in fact, moot.  Because Plaintiff is no longer a prisoner at HCCC and because Plaintiff is no longer suffering tooth problems, I agree with Magistrate Judge Watanabe that Plaintiff's claim for injunctive relief is moot.

Plaintiff also objects to Magistrate Judge Watanabe's recommendation that his Eighth Amendment claim against Defendant Kurtz be dismissed.  (Pl.'s Objection at 2.) Magistrate Judge Watanabe notes that two components are necessary for such a claim: "an objective component, the alleged deprivation must be sufficiently serious . . . and a subjective component, the responsible official must have a sufficiently culpable state of mind, i.e., deliberate indifference."  (Recommendation at 5 (quoting *Robinson v. Carr*,

1996 WL 622032, *3 (10th Cir. 1996).)  Specifically, a delay in medical treatment must result in substantial harm to rise to the level of an Eighth Amendment violation.  *(Id.* at 6 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000).)  Further, personal participation by the defendant is required, and supervisory status by a defendant is not on its own sufficient to support liability.  (*Id.* (citing *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).)  Magistrate Judge Watanabe found that there was not evidence of medical deprivation or personal participation as to Defendant Kurtz.  (*Id.* at 8.)

Plaintiff objects to the Recommendation, stating that he sent medical requests to Defendant but received no response.  (Pl.'s Objection at 2, ¶¶ 2, 3.)  Plaintiff also claims that when he did receive dental treatment from Dr. Gilbert in July 2003 that Dr. Gilbert's drilling caused damage to the root.  (*Id.* at 2, ¶ 2b.)  Plaintiff states that "there was a deliberated indifference, fore [sic] the Warden did nothing to help or address his Dental staffs [sic] improper procedure or to correct the damage."  *(Id.* at 3, ¶ 8.)

Magistrate Judge Watanabe notes that because Plaintiff was in fact provided with dental care, there was no deprivation.  (Recommendation at 7.)  While Plaintiff was not happy with the dental treatment he received, he was seen by a dentist who suggested a course of action that Plaintiff refused.  (*See* Pl.'s Compl. at 3.)  Magistrate Judge Watanabe further states that no personal participation has been alleged other than Plaintiff's "bald allegations that Defendant Kurtz acted with deliberate indifference to Plaintiff's dental needs."  *(*Recommendation at 7.)  In Plaintiff's Complaint, Defendant Kurtz is only mentioned twice–once in Section A, identifying the parties, and again in the Request for Relief.  (*See* Pl.'s Compl. at 2, 8.)  I agree with Magistrate Judge

Watanabe that these "cursory" references do not establish personal participation. (*See* Recommendation at 8.)

Accordingly, for the reasons stated above, it is

ORDERED that the Recommendation Regarding Defendant Robert Kurtz's Motion to Dismiss Plaintiff's Prisoner Complaint, filed May 11, 2005, is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that the Motion to Dismiss filed October 18, 2004 is **GRANTED**.

Dated: September 23, 2005

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge