IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 04-cv-01497-WYD-MJW**

RODRIGO JIMINEZ ARTEAGA,

Plaintiff,

v.

BOB KURTZ, Warden, and
DR. GILBERT,

Defendants.

---

**RECOMMENDATION REGARDING
MOTION TO DISMISS (Docket No. 54)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to Magistrate Judge issued by District Judge Wiley Y. Daniel on October 7, 2004 (Docket No. 10).

Before the court is Defendant Dr. Gilbert's Motion to Dismiss which was filed on July 20, 2005 (Docket No. 11). No response has been filed by the pro se plaintiff, who according to defense counsel (See Docket No. 71) was deported to Mexico on August 23, 2005.[1] Nevertheless, this court has reviewed the motion and the plaintiff's

---

[1] Plaintiff has not provided the court with a change of address as required by D.C.COLO.LCivR 10.1(M). In addition, since May 9, 2005 (Docket No. 29), plaintiff has not made any monthly partial payments toward his filing fee, nor has he shown cause why he cannot make such payments. (See Docket No. 2, Order by Magistrate Judge Boland directing monthly payments).

2

Prisoner Complaint to determine whether judgment for the defendant is appropriate under Fed. R. Civ. P. 12(b)(6).  See Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002) ("[A] party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party.  The district court must make the additional determination that judgment for the moving party is 'appropriate' under Rule 56.").

On May 11, 2005, this court issued a Recommendation that co-defendant Kurtz's motion to dismiss be granted.  (Docket No. 31).  That Recommendation was adopted by Judge Daniel on September 23, 2005 (Docket No. 75).  As in that previous Recommendation, this court finds and the record reflects that there was no medical or dental deprivation.  Therefore, it is recommended that the claim against the remaining defendant also be dismissed.

In his Prisoner Complaint filed on July 21, 2004 (Docket No. 3), brought pursuant to 42 U.S.C. § 1983, the pro se plaintiff alleges the following.  While the plaintiff was incarcerated at the Huerfano County Correctional Center ("HCCC"), defendant
Dr. Gilbert was in charge of the Medical Department.  On January 3, 2003, plaintiff unsuccessfully sought to have a root canal or a cavity filled.  After numerous requests, he was finally seen by a dentist in July 2003.  Dr. Gilbert, however, refused to do the work plaintiff wanted and instead wanted to extract the plaintiff's tooth, but plaintiff refused to allow him to do so.  Plaintiff was given antibiotics and painkillers for his

dental problems, and he suffered from pain and other side effects.

Plaintiff filed grievances, copies of which are attached to his Complaint. According to those administrative complaints, in July 2003 a dentist at HCCC "angrily, vengefully & recklessly drilled one tooth, splinted it to the neighboring tooth that then cracked." "[T]his unprofessional work has had terrible consequences: two painful teeth that are both loose, an infection within one, and a cracked good tooth." Plaintiff described this as "willful negligence." (Pl.'s Informal Grievance Attempt). He subsequently described it as "botched dental malpractice." (Pl.'s Step III Grievance).

The response to the plaintiff's Informal Grievance Attempt reported that the plaintiff was put on antibiotics on April 14, June 2, August 3, September 16 and 30, and October 23, 2003. In addition, plaintiff was reportedly scheduled for a dental appointment on September 25, 2003, but plaintiff did not attend. Plaintiff was then seen by a dentist on October 6 and 23, 2003. Finally, it is reported that x-rays were taken on February 12, 2003, and followed up at HCCC, and the recommended treatment by the dentist was for the plaintiff to have one or both teeth in question removed.

The response to the plaintiff's Step I Grievance was:

> An investigation into this matter reveals that in April, after a tooth extraction and antibiotic treatment, restoration was scheduled for tooth #19, as you wished to try to save the tooth. Restoration of teeth #19 and 20 on 7-24-03 were successful, however the cavities were extremely deep and needed deep drilling. There is no evidence to substantiate your allegations that the dentist angrily or forcefully drilled in an unprofessional manner. It further does not reveal evidence that a 'perfectly good tooth' was in any way damaged, due to the restorative efforts of fixing another one. Both teeth were in need of repair. Your X-rays were taken on 12-02

> in DRDC.  The date on your informal response was a written error.
> Evidence shows that you were put on the medical appointment list of 9-
> 25-03, which was posted.  You did not show for that appointment.  You
> were seen again on 10-6-03 and high spots on the fillings were removed,
> and you were informed that the teeth were abscessed and that extraction
> is the only other alternative.  On 10-23-03, the dentist again placed you
> on additional antibiotics and informed that if this treatment was
> unsuccessful, extraction would be the only other course of action.   You
> refused to have the teeth extracted.  You have been given the option to fill
> out an application for outside treatment.  **The Health Services
> Administrator has consulted with the CDOC Dr. Of Dental Services,
> Dr. Gilbert, who concurs with the recommendation of the HCCC
> Dentist.**

(Emphasis added).

Plaintiff asserts that he was eventually moved from HCCC to the Buena Vista Correctional Facility ("BVCF").  After he arrived at BVCF, plaintiff allegedly sought the same dental treatment that he had requested at HCCC.  Plaintiff claims he was immediately given an appointment, and within a few days a root canal was performed, with no need for an extraction as Dr. Gilbert wanted to have done.  Plaintiff does not allege that he has any continuing problems as a result of his alleged mistreatment at the HCCC, nor does he seek additional dental treatment.  He seeks $200,000.00 for pain and suffering.  (Compl. at 8).

For purposes of a motion to dismiss, the court must accept all factual allegations in the complaint as true and resolve all reasonable inferences in plaintiff's favor.  Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  A case should not be dismissed for failure to state a claim unless the court determines beyond doubt that plaintiff can prove no set of facts which entitles him to relief.  Hishon v. King & Spalding, 467 U.S.

5

69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Since the plaintiff is not an attorney, his pleadings have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishment" on individuals convicted of crimes. The phrase "cruel and unusual punishment" today prohibits punishment that, "although not physically barbarous, 'involves the unnecessary and wanton infliction of pain.' " Rhodes v. Chapman, 452 U.S. 337, 347 (1981) (quoting Gregg v. Georgia, 428 U.S. 153 (1976)). The Supreme Court, in Estelle v. Gamble, 429 U.S. 97, 105 (1976), "conclude[d] that deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment."

"There are two components of an Eighth Amendment claim which must be proven to support a remedy: an objective component, the alleged deprivation must be sufficiently serious, denying 'the minimal civilized measure of life's necessities,' . . . and a subjective component, the responsible official must have a sufficiently culpable state

6

of mind, i.e. deliberate indifference . . . ." Robinson v. Carr, 1996 WL 622032, *3 (10th Cir. Oct. 28, 1996) (citations omitted). With regard to the first component, "[p]rison conditions violate the [E]ighth [A]mendment if they result in the 'unnecessary and wanton infliction of pain,' are 'grossly disproportionate to the severity of the crime warranting imprisonment,' or result in an 'unquestioned and serious deprivation of basic human needs.'" Id. Regarding the objective element, a medical need is considered "sufficiently serious" if the condition "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999) (citations and quotations omitted). However, "[d]elay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm." Sealock v. Colorado, 218 F.3d 1205, 1210 (10th Cir. 2000). Delays that courts have found to violate the Eighth Amendment have frequently involved life-threatening situations and instances in which it is apparent that delay would exacerbate the prisoner's medical problems. See Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1187 & n.21 (11th Cir. 1994).

     In his motion to dismiss, defendant Dr. Gilbert asserts that the plaintiff fails to establish deliberate indifference. Instead, plaintiff merely disagrees with the recommendation and diagnosis that he received from the HCCC dentist, which was also recommended by a dentist at TCF. The HCCC Health Services Administrator contacted defendant Gilbert regarding the HCCC dentist's recommendation that the tooth be extracted. Based upon the information defendant Gilbert was provided, he

also concurred. Because the plaintiff disagreed and the root canal was subsequently performed by another dentist, defendant asserts that the plaintiff's claim is a mere disagreement with medical professionals, which does not state a claim under the Eighth Amendment.

Furthermore, defendant contends that the plaintiff cannot establish that defendant Gilbert, the Chief of Dental Services for the Colorado Department of Corrections ("CDOC"), disregarded an excessive risk to the plaintiff's health or safety. Dr. Gilbert's concurrence with the HCCC dentist's recommendation was based upon information provided to him. Dr. Gilbert did not examine the plaintiff. In addition, Dr. Gilbert stated to the HCCC provider that the plaintiff was to be evaluated based on enumerated CDOC criteria, and if the plaintiff was a candidate for root canal treatment, HCCC must provide him with that treatment. Defendant asserts that this does not support deliberate indifference by him, and thus the plaintiff's claim against him must be dismissed.

In addition, defendant asserts that he did not personally participate in any alleged deprivation. He contends that as shown by the documents attached to the Complaint, he is the Chief of Dental Services for the CDOC. He did not treat the plaintiff, but was provided information on a recommendation, with which he concurred. He also notified dental staff at HCCC of the CDOC's policy in providing root canal treatment and urged that the plaintiff be evaluated under the policy criteria. Defendant asserts that these facts do not support that he personally participated in any alleged deprivation. He also allegedly cannot be held to have personally participated under a

8

respondeat superior theory because there are no facts to support a finding that he was aware of and failed to stop any alleged constitutional violation. Finally, defendant asserts that he is entitled to immunity in his official and individual capacities.

This court finds that even accepting the plaintiff's allegations as true and resolving all reasonable inferences in the plaintiff's favor, the plaintiff can prove no set of facts which entitles him to relief. Plaintiff asserts a mere disagreement with the dental treatment he received while at HCCC. Plaintiff wanted a cavity filled or a root canal, whereas the dentist thought plaintiff's tooth should be extracted, and Dr. Gilbert agreed. A prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation. Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993).

Furthermore, as found in this court's Recommendation regarding the co-defendant's motion to dismiss, the record reflects that there was no medical or dental deprivation. In particular, plaintiff was afforded several examinations and follow-up appointments by the dental department, although he missed an appointment on September 25, 2003. After X-rays were taken, high spots were removed from the plaintiff's fillings, and necessary efforts were made to preserve plaintiff's teeth. Plaintiff was informed that his teeth were abscessed and that extraction was the only alterative available to him. However, on at least two separate occasions, plaintiff refused to have his teeth extracted. Plaintiff was prescribed antibiotics and pain medication. Furthermore, plaintiff was given the option (which he chose not to exercise) to fill out an application for outside treatment. In sum, the court finds that the plaintiff has failed to

9

state an Eighth Amendment violation with regard to defendant Dr. Gilbert.

**WHEREFORE**, for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendant Dr. Gilbert's Motion to Dismiss, which was filed on July 20, 2005 (Docket No. 11), be granted.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated: October 5, 2005           s/Michael J. Watanabe
       Denver, Colorado          Michael J. Watanabe
                                 United States Magistrate Judge