IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 04-cv-01497-WYD-MJW


RODRIGO JIMENEZ ARTEAGA,

      Plaintiff,

v.

BOB KURTZ,

      Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Michael J. Watanabe, United States Magistrate Judge

      Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915. §1915(b)(2) requires an indigent inmate plaintiff to make "monthly payments of 20 percent of the preceding month's income credited to his account" until the filing fee is paid in full. Plaintiff has been instructed to make such payments. *See* Orders of July 21, 2004.

I.

      On September 28, 2005, plaintiff was ordered either to make the required monthly payments or to show cause why he had no assets and no means by which to make the monthly payments from June 2005 to the present. Plaintiff was warned that a failure to comply with that Order would result in the dismissal of his complaint and the action. Notwithstanding that Order and warning, plaintiff has not made any payments,

Case No: 04-cv-01497-WYD-MJW
Date: December 28, 2005

nor has he submitted any inmate account statements showing that he had no assets

and no means by which to make a monthly payment.  Plaintiff therefore has not

complied with the Court's September 28, 2005 Order.

II.

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the court enumerated

the factors to be considered when evaluating grounds for dismissal of an action.   The

factors are: "1) the degree of actual prejudice to the defendant; (2) the amount of

interference with the judicial process; ... (3) the culpability of the litigant," [and] (4)

whether the court warned the party in advance that dismissal of the action would be a

likely sanction for noncompliance.... "  *Ehrenhaus*, 965 F.2d at 920; *see also Gates*

*Rubber Co. v. Bando Chemicals, et al*, 167 F.R.D. 90, 101 (D. Colo. 1996)(M.J.

Schlatter)(citing Ehrenhaus).  I now turn to the *Ehrenhaus* factors.

*1. Prejudice to the Defendant*

From a review of his case file, I find that plaintiff's failure to provide either a

monthly payment or to demonstrate his inability to pay by presenting a verified copy of

his inmate account, has not delayed the progression of his case toward resolution, nor

have defendants been prejudiced or adversely impacted.

*2. Interference With the Judicial Process*

Here, I consider plaintiff's failure to comply with this Court's September 28, 2005

order to show cause.  I recommend finding that plaintiff's persistent failure to follow this

2

Case No: 04-cv-01497-WYD-MJW
Date: December 28, 2005

Court's order with respect to his obligation to pay the filing fee, and the Court's

continual review of his file and issuance of orders regarding the filing fee increase the

workload of the Court and therefore interfere with the administration of justice.

   *3. Culpability of the Plaintiff*

   Plaintiff was given an expressed order to make payments towards the filing fee

or to show cause why he could not.  *See* Order of September 28, 2005.  Plaintiff was

ordered thereafter to show cause why his case should not be dismissed for the failure

to make payments.  Plaintiff failed to respond to that Order.   From that record before

the Court, I must draw the conclusion that plaintiff is blameworthy because he has

willfully ignored this Court's Order.

   *4. Advance Notice of Sanction of Dismissal for Noncompliance*

   Plaintiff has previously been warned that he risked dismissal of his case if he

continued to fail to comply with this Court's Order.  *See* September 28, 2005 Order.

   Upon weighing the *Ehrenhaus* factors, I find that, although defendants are not

prejudiced by plaintiff's failure to follow the Court's orders, plaintiff has impeded the

orderly administration of justice in general because the Court is required to evaluate

plaintiff's ability to pay each month.  Plaintiff further has disregarded and failed to

respond to this Court's order;  and finally, he has been warned that his case would be

dismissed if he continued to ignore this Court's order.  Three out of four *Ehrenhaus*

factors thus weigh against plaintiff so that a recommendation of dismissal is

3

Case No: 04-cv-01497-WYD-MJW
Date: December 28, 2005

appropriate.

III.

Accordingly, for the reasons stated, it is

**RECOMMENDED** that the complaint and this action be **dismissed with**

**prejudice** for failure to comply with the Court's September 28, 2005 Order.

**Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the parties**

**shall have ten (10) days after being served with a copy of this recommendation to**

**file with the assigned District Judge any specific written objections to the**

**findings of fact, conclusions of law, or recommendations of the Magistrate Judge**

**as set forth in this document.  The District Judge need not consider frivolous,**

**conclusive, or general objections.  A party's failure to file specific written**

**objections to the findings of fact, conclusions of law, or recommendations as set**

**forth in this document will bar the party from *de novo* determination by the**

**District Judge.  *See United States v. Raddatz*, 447 U.S. 667, 676-83 (1980).**

**Additionally, the failure to file specific written objections to the findings of fact,**

**conclusions of law, or recommendations of the Magistrate Judge in this**

**document will bar appellate review of the findings of fact, conclusions of law, or**

**recommendations of the Magistrate Judge in this document.  *See Thomas v. Arn*,**

Case No: 04-cv-01497-WYD-MJW
Date: December 28, 2005

**474 U.S. 140 (1985); _Talley v. Hesse_, 91 F.3d 1411 (10th Cir. 1996).**

DATED at Denver, Colorado, this 28th day of December 2005.

BY THE COURT:

_s/ Michael J. Watanabe_


United States Magistrate Judge